IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF NORTH CAROLINA
ASHEVILLE DIVISION
CIVIL ACTION NO. _____

| | |
|---|---|
| GILBERT WHITESIDE, )<br>)<br>Plaintiff, )<br>)<br>v. )<br>)<br>ARCADIA FARMS, LLC, )<br>)<br>Defendant. )<br>) | **COMPLAINT**<br>**(Jury Trial Demanded)** |

Plaintiff, complaining of the Defendant, alleges and says:

## I. INTRODUCTION AND JURISDICTION

1. This is an action seeking damages as well as legal, equitable and declaratory relief under the Civil Rights Act of 1866, 42 U.S.C. §1981 ("Section 1981.") Plaintiff's claims arise from Defendant's violations under Section 1981, including discrimination based on his race and retaliation.

2. Jurisdiction of the court is invoked pursuant to 28 U.S.C. §1434, this suit being a proceeding seeking to enforce rights and remedies secured in Section 1981. Jurisdiction is also conferred upon this court by §1331.

3. Jurisdiction of the court is invoked pursuant to 28 U.S.C. §§2201 and 2202, this being an action for declaratory judgment declaring illegal the acts of Defendant complained of herein, violating rights secured to Plaintiff by Section 1981.

## II. PARTIES

4. Plaintiff is an African-American male resident of Arden, Buncombe County, North Carolina.

5. Defendant is a company doing business in Arden, North Carolina which produces juice products for grocery stores.

## III. FACTS

6. Plaintiff was employed by the Coastal Group, Inc. as a temporary employee who was assigned to Arcadia Farms, LLC (hereinafter referred to as "Arcadia Farms"). He began working at Arcadia Farms in March of 2017, where he was hired to work as a machine operator. Soon after he began his employment, he was harassed constantly by a white employee of Arcadia Farms who frequently used the work "Nigger," including on one occasion in June of 2017 when he called Plaintiff an "ungrateful ass Nigger" in the break room in the presence of two supervisors and the plant manager. Plaintiff complained about this treatment to his supervisor and the staffing agency, but no action was taken to curb the behavior of the co-worker. Plaintiff's co-worker continued to harass him and to make threatening physical actions towards him in the presence of his co-workers and supervisors. Plaintiff repeatedly reported the behavior to management, but no action was taken.

7. Plaintiff was informed by his supervisor that the plant manager advised him that the actions complained of were of a nature that had to be reported to the corporate office and that they would make the report. Despite the promise that reports would be made to the corporate office, no action was taken to prevent the behavior of Plaintiff's white co-worker. Further, upon information and belief, Plaintiff was informed that the plant manager did not in fact report the matter to corporate, but allowed the behavior to continue. Plaintiff made numerous requests of the plant manager and the general manager about what actions were being taken to address the

issue. On July 14, 2017, within less than six weeks of the time that he reported the incident in the break room, Plaintiff's employment ended at the request of Arcadia Farms.

8. Plaintiff's employment through the Coastal Group, Inc. was terminated because of Arcadia Farm's discrimination and retaliation.

## IV. CLAIMS FOR RELIEF

### FIRST CAUSE OF ACTION: RACIAL HARASSMENT

9. Plaintiff re-alleges paragraphs 1 through 8 above.

10. Plaintiff was subjected to racial harassment by a co-worker who repeatedly made racist comments, including the use of the word "Nigger" to Plaintiff. Some of the comments were made in the presence of supervisors and managers. Plaintiff reported that behavior, but no action was taken to eliminate the behavior.

11. Defendant is liable under 42 U.S.C. §1981 for the racial harassment of Plaintiff's co-worker because it failed to take action to eliminate the behavior, despite numerous complaints registered by Plaintiff.

12. As a result of Defendant's actions, Plaintiff has suffered embarrassment and humiliation, and should be compensated for his pain and suffering.

### SECOND CAUSE OF ACTION; RETALIATION

13. Plaintiff realleges paragraphs 1 through 12 above.

14. Plaintiff retaliated against Plaintiff for complaining about the racial harassment to which he was subjected. Plaintiff made numerous complaints between June and July, 2017 about the racial comments of his co-worker, some of which were made in the presence of supervisors or managers. No action was taken to prevent the behavior. Defendant notified the Coastal Group, Inc. that Plaintiff was to no longer be employed at its facility, thereby causing Plaintiff to lose his employment with the Coastal Group, Inc. Defendant's actions constitute retaliation for Plaintiff

3

engaging in protected activity. Plaintiff's work performance was never in question with Defendant and only after he complained of the racial harassment was his employment terminated.

15. Defendant violated 42 U.S.C. §1981 when it retaliated against Plaintiff by causing his employment with Arcadia Farms to end and his employment with the Coastal Group, Inc. to end.

16. As a result of Defendant's actions, Plaintiff has suffered economic damage and emotional distress.

## V. JURY TRIAL DEMAND

17. Plaintiff hereby demands a trial by jury.

## VI. PRAYER FOR RELIEF

WHEREFORE, Plaintiff prays that the discrimination alleged herein be remedied in full and that the court, after a jury trial:

a) Declare the actions complained of herein to be illegal;

b) Award Plaintiff compensatory damages and loss of pay;

c) Issue an injunction enjoining the Defendant, its agents, employees, successors, attorneys and those acting in concert or participation with the Defendant and at its direction from engaging in the unlawful practices set forth herein;

d) Award Plaintiff his costs and expenses in this action, including reasonable attorney's fees, costs and other litigation expenses; and

e) Grant such other and further relief as may be just and necessary to afford complete relief to Plaintiff.

4

This 13th day of July, 2021.

/s/ Geraldine Sumter
Geraldine Sumter
N. C. Bar No. 11107
Ferguson Chambers & Sumter, P.A.
309 East Morehead Street, Suite 110
Charlotte, North Carolina 28202
Telephone: (704) 375-8461
Facsimile: (980) 938-4867
Email: gsumter@fergusonsumter.com

Attorney for Plaintiff